MACFADDEN PUBLICATIONS, INC., Respondent, *v.* B. J. MACFADDEN, INC., and Another, Appellants.

First Department, November 2, 1928.

*David J. Rosen,* for the appellants.

*Joseph Schultz,* for the respondent.

McAVOY, J. The action is brought by a corporation which is engaged in a publishing business. Its founder, Bernarr Macfadden, has been in this business as the active head of the plaintiff corporation for some thirty years. It is alleged in the affidavit

of plaintiff that about 120,000,000 copies of its magazines are sold each year.

The sum of nearly $15,000,000 is asserted to have been expended by the plaintiff corporation and its predecessors in interest in giving publicity to the name "Macfadden" as applied to publications of this company. This legend also has been employed as a stamp or mark distinguishing the type of magazines, newspapers and other periodicals published and distributed by the plaintiff corporation. It is still engaged in publishing products of the character described and spends approximately $1,000,000 a year.

The plaintiff corporation has 800 wholesale and 18,000 retail agents throughout the United States and Canada distributing and selling its magazines. Fifty per cent of the total business done by such wholesalers or distributors is in plaintiff's publications. Each of its publications has prominently marked thereon the legend a "Macfadden" publication. Such publications are commonly known by readers and described by wholesalers and distributors as "Macfadden" publications.

The defendant Benjamin L. McFadden was for a short time employed by the plaintiff corporation as its circulation manager. Some time prior to the 28th of July, 1928, he caused to be incorporated under the laws of the State of Delaware a corporation known as "B. L. McFadden, Inc." Permission to carry on its business in the State of New York was obtained on July 28, 1928. Besides adopting a name so similar to a name which has become so well known in the publishing business, the defendants placed upon the cover very prominently and as part of the title of their magazine the name of the company publishing it, so wording the same and so placing the same that the words "McFadden" and "Publishers" appear conspicuously thereon. This was bound to confuse the trade and the public buyer. Manuscripts intended for the plaintiff have been sent to the defendant. Distributors of the plaintiff's and defendants' magazines have forwarded covers of the defendants' magazines to the plaintiff. Letters addressed to "Cabaret Stories," one of defendants' magazines, 1926 Broadway — the address of the plaintiff — frequently have been received.

The confusion was increased because the defendants established offices at 1860 Broadway (at Sixty-fifth street) whereas the plaintiff's main offices are and have been for many years in the Macfadden Building, at 1926 Broadway (at Sixty-sixth street).

These considerations lead us to believe that the injunction was properly granted in part but the order should be modified by striking therefrom the word "therein" in folio 11 of the order; the words "or using in the same said names or either of them

within the State of New York or elsewhere in connection with their said business and from using any name or style similar to such name of B. L. McFadden, Inc., or B. L. McFadden;" the words " and from using or doing business under any of the said names or similar names;" and as so modified affirmed.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed. Settle order on notice.